IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILMER J. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15cv001-WKW-WC |
| | ) | |
| ALABAMA POWER COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1).  On January 15, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  Order (Doc. 3).  Plaintiff has requested leave to proceed *in forma pauperis*, Mot. (Doc. 2), which obligates the court to undertake review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)-(iii).

Upon review, the court finds that the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

## I.    BACKGROUND

On January 5, 2015, Plaintiff, an inmate incarcerated at the Alabama Department of Corrections' Community Work Center in Loxley, Alabama, and proceeding *pro se*, filed a complaint alleging that defendants Alabama Power Company, John G. Smith, and Lyndal Williamson violated his constitutional rights.  The only claim asserted in the complaint reads as follows: "Alabama Power Company unauthorized and without complainant's permission has placed utility poles on complainant's property and deprived complainant of use of his own property in violation of the 5th and 14th Amendments to the Constitution of the United States."  Compl. (Doc. 1) at 2.  In support of this claim, Plaintiff alleges that Alabama Power Company or its agents placed the offending utility poles on his property in 1991, that the poles have remained on the property for the preceding twenty-four years, and that Alabama Power Company has refused to compensate him for the unauthorized use of his property.  *Id.* at 3-4.  The Complaint further sets out Plaintiff's proposed terms for settling his dispute with Alabama Power, including Plaintiff's demands for compensation for past and future usage of his property. *Id.* at 4-5.

In an "Affidavit" appended to the Complaint, Plaintiff states that "[o]n or about November 10, 2014, [he] mailed [Defendant] Lyndol Williamson a complaint and a resolution to resolve the matter out of court."  Pl.'s Aff. (Doc. 1-1) at 1.  He further states that "[o]n December 8, 2014, [Defendant] John G. Smith responded to the complaint submitted to Lyndol Williamson and offered ($1000.00) to resolve the matter on a disputed ground that Alabama Power Company believe they had a legal right to place and

2

maintain the utility poles on my property." *Id.* Plaintiff responded to Smith's offer with a request to view any contract which Alabama Power believed authorized it to place the utility poles on his property or other proof that he did not own the property as asserted, and, additionally, proof that "Alabama Power Company has not generated revenue over twenty million ($20,000,000.00) dollars over the previous 24 years from the utility poles on my property[.]" *Id.* at 1-2. According to Plaintiff, Smith then sent Plaintiff a letter stating that "Alabama Power Company is unwilling to settle the matter on the amounts requested in my complaint." *Id.* at 2. This summary of Plaintiff's complaint and affidavit recounts all of Plaintiff's material allegations against the defendants he has named in this suit.

## II.   DISCUSSION

Having carefully reviewed Plaintiff's complaint, the undersigned finds that, even upon a very liberal construction of Plaintiff's pleadings,[1] this case is due to be dismissed, as Plaintiff fails to state a claim upon which relief may be granted. Moreover, although not requested by Plaintiff,[2] the undersigned finds leave to further amend Plaintiff's

---

[1]"In the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). "While a complaint does not need detailed factual allegations, 'a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Simpson v. Zwinge*, 531 F. App'x 985, 986 (11th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[2]Plaintiff has filed a document titled "In Re Complaint Under 42 USC § 1983" (Doc. 4), which the Clerk's office has docketed as a motion to amend his complaint. The document appears to simply request that the Clerk's office alter its notation of when the complaint was filed, presently indicated as January 5, 2015, to reflect that it was "submitted on December 28, 2014." Pl.'s Mot. (Doc. 4). Plaintiff's complaint was signed on December 26, 2014. Although

complaint should not be provided of the court's own initiative because, apart from the many pleading deficiencies in Plaintiff's present complaint, he cannot establish this court's subject matter jurisdiction on the factual allegations in his complaint. *See, e.g., Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").[3]

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilly and Co.*, __ F.3d __, 2014 WL 7360016, *2 (11th Cir. Dec. 29, 2014).  Plaintiff predicates his action on this court's federal question subject matter jurisdiction, alleging, via 42 U.S.C. § 1983, that through their actions Defendants have violated his constitutional rights under the Fifth and Fourteenth Amendments in that, presumably, they have deprived him of his property without due process of law.  In general,

> [t]he Fourteenth Amendment of the United States Constitution protects against deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' without the due process of law.  The Due Process Clause provides two different kinds of constitutional protections: procedural due process and substantive due process.  A violation of either of these two kinds of protection may form the basis for a suit under § 1983.

not relevant to the undersigned's recommended disposition of this case, the undersigned acknowledges the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 271-72 (1988), which generally holds that a prisoner's court papers are deemed filed as of the date they are submitted to prison officials for mailing.

[3]Furthermore, the opportunity to amend contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this recommendation, and thus is afforded the requisite opportunity to be heard about his complaint's deficiencies prior to any dismissal of the complaint.

*Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013) (internal citations omitted). By its own terms, the Fourteenth Amendment applies to "States" and, by extension, state actors. *See* U.S. Const. amend. XIV, § 1 (providing "nor shall any state deprive any person of life, liberty, or property, without due process of law"). As such, in order to state a claim under § 1983 for a Fourteenth Amendment due process violation, and thereby bring his complaint—which purports to state only one claim—within the ambit of this court's federal question subject matter jurisdiction, Plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Plaintiff has not alleged that he was harmed by any state action or state actors. Plaintiff has sued Alabama Power Company and two individual defendants who, the complaint makes clear, are either employees or agents of Alabama Power Company. "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 241 F.3d 1341, 1347 (11th Cir. 1992). In order to find a private party a state actor for purposes of § 1983, Plaintiff must show that

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far

insinuated itself into a position of interdependence with the [private parties]
that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC,
Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).
Courts in this Circuit have recognized that Alabama Power is not a state actor for
purposes of § 1983 and the Fourteenth Amendment. *See, e.g., McNeely v. Crosswhite*,
2014 WL 6903897, *3 (N.D. Ala. Dec. 8, 2014). "Alabama Power is a private, 'investor
owned utility company.'" *Id.* It is not rendered a state actor, and it is not engaged in
state action, "simply because it is engaged in a Government-regulated business." *Cobb v.
Georgia Power Co.*, 757 F.2d 1248, 1250 (11th Cir. 1985) (citing *Jackson v.
Metropolitan Edison Co.*, 419 U.S. 345 (1974)). Nothing in the facts Plaintiff has alleged
permits the conclusion that Alabama Power was a state actor or engaged in state action
when it allegedly engaged in the conduct described in the complaint. As such, the
undersigned concludes that this court lacks subject matter jurisdiction over Plaintiff's
complaint and, accordingly, the complaint is due to be dismissed.

In addition to the jurisdictional defect discussed above, a number of additional
deficiencies would warrant summary dismissal of this action. Namely, for the same
reasons that Plaintiff has failed to invoke this court's federal question subject matter
jurisdiction, he has failed to state a claim upon which relief could be granted because he
has failed to allege a viable due process claim under § 1983. Without a viable due
process claim alleging unlawful action by a state actor under color of state law, Plaintiff's
allegations at most could support a state law claim in the nature of trespass or conversion.

6

However, this court would lack jurisdiction over such state law claims because, considering that Plaintiff is an Alabama resident complaining about an Alabama corporation and its agents' actions on land situated in Alabama, Plaintiff has not alleged, and is unable to establish, diversity of the parties for purposes of this court's exercise of jurisdiction under 28 U.S.C. § 1332.

In addition, Plaintiff has failed to state any claim against the individual defendants he names in the complaint.  Read and construed broadly, the complaint indicates only that one defendant, Williamson, was the putative recipient of Plaintiff's initial correspondence with Alabama Power concerning his claim, and that the other individual defendant, Smith, offered Plaintiff a modest settlement of his claim and then conveyed Alabama Power's rejection of his more lucrative settlement demand.  Neither of these actions, even if taken as true, amount to a violation of Plaintiff's constitutional rights.

Finally, it is clear that Plaintiff's action is untimely.  "Constitutional claims brought under 42 U.S.C. § 1983 are tort actions subject to the personal injury statute of limitations of the state where the action has been brought.  The statute of limitations in Alabama is two years."  *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 814 n.1 (11th Cir. 2013) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), and Ala. Code § 6-2-38).  "A cause of action accrues for purposes of determining when the statute of limitations began to run when the plaintiff knew or should have known of his injury and its cause."  *Eubank v. Leslie*, 210 F. App'x 837, 841 (11th Cir. 2006).  The complaint makes clear that the utility poles about which Plaintiff complains were erected by Alabama Power in 1991.  Compl. (Doc. 1) at 2.  Indeed, Plaintiff has alleged damages,

and demands compensation, for injuries caused by the erection of the poles since 1991. As such, it is clear that the injury he alleges was known, or should have been known by him, in 1991 and this action, filed more than twenty years after the cause of action accrued, is therefore untimely.

## III.   CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.   Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.   Plaintiff's motion (Doc. 4) to have the court recognize an earlier filing date for his complaint is DENIED as moot.   Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 24, 2015**.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive, or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of February, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE