IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILMER J. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:15-CV-001-WKW |
| | )                [WO] |
| ALABAMA POWER | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On February 10, 2015, the Magistrate Judge filed a Recommendation that Plaintiff's complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. (Doc. # 5.) On February 25, 2015, Plaintiff William J. Turner filed an Objection. (Doc. # 6.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

In his Objection, Mr. Turner argues that the Magistrate Judge's Recommendation should be rejected for the following reasons: (1) Mr. Turner properly stated a cause of action for which relief can be granted when he made claims under the Seventh Amendment; (2) the Magistrate Judge failed to apply the continuing tort doctrine when he found Mr. Turner's claim to be time barred; (3) the

court has subject-matter jurisdiction over Mr. Turner's case because he properly alleged constitutional violations; (4) a violation of substantive or procedural due process can form the basis of a § 1983 lawsuit; (5) the Magistrate Judge failed to address Mr. Turner's claims alleging violations of his Fifth and Seventh Amendment constitutional rights; (6) pursuant to the continual tort doctrine, Defendants' actions amount to accrual and present questions of federal law; and (7) Mr. Turner properly made allegations against the individual defendants, as representatives of Alabama Power.  Mr. Turner's Objection is due to be overruled.

Despite specifically taking issue with several aspects of the Magistrate Judge's Recommendation, Mr. Turner fails to establish error as to the Magistrate Judge's determinations.  First, despite mentioning a claim for a Seventh Amendment violation, a review of Mr. Turner's complaint indicates that Mr. Turner only alleged "violation[s] of the 5th and 14th Amendments to the Constitution."  (Doc. # 1.)  Second, the Magistrate Judge correctly determined that Mr. Turner failed to allege any violation on the part of a state actor, as required to state a claim under § 1983 for a Fourteenth Amendment violation.  Finally, the Magistrate Judge appropriately concluded that any possible claim for trespass or conversion would be of a state-law variety, leaving this court without jurisdiction to resolve Mr. Turner's allegations.

Accordingly, it is ORDERED as follows:

1.     Mr. Turner's Objection (Doc. # 6) is OVERRULED.

    2.    The Recommendation (Doc. # 5) is ADOPTED.

    3.    Mr. Turner's case is DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

An appropriate final judgment will be entered separately.

DONE this 27th day of February, 2015.

                                        /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE